IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC AVILA,**

    **Petitioner,**

    v.                                                **CASE NO. 21-3066-SAC**

**STATE OF KANSAS,**

    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed. Petitioner has also filed a motion requesting leave to proceed in forma pauperis (ECF No. 2), which the Court grants, and a motion for appointment of counsel and for an evidentiary hearing (ECF No. 3), which the Court denies.

**Background**

On January 3, 2013, Petitioner pled no contest to vehicular burglary, kidnapping, and second-degree murder. *See State v. Avila*, Case Nos. 2011–CR–2357 and 2012-CR-714 (Sedgwick County (Kansas) District Court). The district court imposed a sentence of 289 months. *Id.*

Petitioner then attempted to withdraw his pleas in both cases, filing a *pro se* motion in the trial court on January 9, 2013. The court summarily denied his motions on February 11, 2013. Petitioner appealed the trial court's denial but only as to his burglary conviction. The Kansas Court of Appeals affirmed on December 19, 2014. *State v. Avila*, No. 110,597, 340 P.3d 1235 (Table), 2014 WL 7566045 (Kan. App. Dec. 19, 2014). The Kansas Supreme Court denied review on August 20, 2015.

1

Petitioner filed a state habeas action under K.S.A. 60-1507 on December 7, 2017, which was denied on June 19, 2018. *Avila v. State*, Case No. 2017-CV-2922 (Sedgwick County District Court). The district court found the action was not timely and that Petitioner had not demonstrated the manifest injustice required to justify an extension of time. *See Avila v. State*, 447 P.3d 411 (Table), 2019 WL 4123090 (Kan. App. Aug. 30, 2019). Petitioner appealed, and the Court of Appeals affirmed, finding Petitioner had not shown any justification for the untimely filing or presented a colorable claim of actual innocence. *Id*. at *3-4. The Kansas Supreme Court denied review on February 27, 2020.

Petitioner filed the instant § 2254 petition in this Court on March 2, 2021. (ECF No. 1.)

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The limitation period begins to run the day after a conviction becomes final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Circumstances that warrant equitable tolling

3

include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Construing Petitioner's motion to withdraw his pleas in the light most favorable to Avila as a properly filed application for State post-conviction review, the Court concludes that this State court motion tolled the § 2244 limitations period. *See Melander v. Wyoming*, 661 F. App'x 521, 524 (10th Cir. 2016). His appeal of the denial of his motion concluded when the Kansas Supreme Court denied review on August 20, 2015. Petitioner's time to file for § 2254 habeas relief began to run on or about August 21, 2015, and expired on or about August 21, 2016, well before he filed his State habeas action on December 7, 2017, and more than 4 years before he filed his Petition in this Court.

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court will direct him to show cause why his Petition should not be dismissed.

Petitioner has also filed a motion for appointment of counsel and for an evidentiary hearing (ECF No. 3). The request is denied. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Proceed in forma pauperis (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until **May 23, 2021,** in which to show good cause, in writing, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel and for an Evidentiary Hearing (ECF No. 3) is **denied**.

**IT IS SO ORDERED**.

**Dated April 23, 2021, in Topeka, Kansas.**


s/_Sam A. Crow_____
**Sam A. Crow**
**U.S. Senior District Judge**