IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC AVILA,**

    **Petitioner,**

    v.                                           **CASE NO. 21-3066-SAC**

**STATE OF KANSAS,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On April 23, 2021, the Court directed Petitioner to show cause why his petition should not be dismissed due to his failure to commence this action within the one-year limitation period. (ECF No. 6.) Petitioner filed his response on May 17, 2021. (ECF No. 7.) Having reviewed the response and the attached documents, the Court finds that Petitioner has not shown good cause why his petition should not be dismissed as untimely.

**Background**

On January 3, 2013, Petitioner pled no contest to vehicular burglary, kidnapping, and second-degree murder. *See State v. Avila*, Case Nos. 2011–CR–2357 and 2012-CR-714 (Sedgwick County (Kansas) District Court). The district court imposed a sentence of 289 months. *Id*.

Petitioner then attempted to withdraw his pleas in both cases, filing a *pro se* motion in the trial court on January 9, 2013. The court summarily denied his motions on February 11, 2013. Petitioner appealed the trial court's denial but only as to his burglary conviction. The Kansas Court of Appeals affirmed on December 19, 2014. *State v. Avila*, No. 110,597, 340 P.3d 1235 (Table), 2014 WL 7566045 (Kan. App. Dec. 19, 2014). The Kansas Supreme Court denied review on August 20, 2015.

1

Petitioner filed a state habeas action under K.S.A. 60-1507 on December 7, 2017, which was denied on June 19, 2018. *Avila v. State*, Case No. 2017-CV-2922 (Sedgwick County District Court). The district court found the action was not timely and that Petitioner had not demonstrated the manifest injustice required to justify an extension of time. *See Avila v. State*, 447 P.3d 411 (Table), 2019 WL 4123090 (Kan. App. Aug. 30, 2019). Petitioner appealed, and the Court of Appeals affirmed, finding Petitioner had not shown any justification for the untimely filing or presented a colorable claim of actual innocence. *Id.* at *3-4. The Kansas Supreme Court denied review on February 27, 2020.

Petitioner filed the instant § 2254 petition in this Court on March 2, 2021. (ECF No. 1.)

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). As relevant here, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As explained in the Court's show-cause order, Petitioner's limitation period began to run on approximately August 21, 2015, and expired on or about August 21, 2016. (ECF No. 6, p. 4.) Yet Petitioner did not file the instant petition until March 2, 2021.

In his response to the Court's show-cause order, Petitioner asserts that he is entitled to equitable tolling of the limitation period because he diligently pursued his claims and his failure to timely file the petition was caused by extraordinary circumstances that were beyond his control. (ECF No. 7, p. 1.) He argues conduct of the Kansas Department of Corrections prevented him from filing in a timely manner. *Id.* Petitioner claims another inmate was assisting him with his "legal case" in June of 2015 when that inmate was served with a disciplinary infraction for

possession of Petitioner's legal materials.  Petitioner states he spent the intervening period trying to recover his legal materials.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Such circumstances include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). An attorney's misconduct or "egregious behavior" also may warrant equitable tolling, see *Holland v. Florida*, 560 U.S. 631, 651 (2010), but "[s]imple excusable neglect is not sufficient," see *Gibson*, 232 F.3d at 808 (citation omitted).

The Court has reviewed Petitioner's response and the attached documents and finds that they do not establish that that Petitioner's failure to timely file a § 2254 petition was caused by extraordinary circumstances beyond his control. Most of the documents Petitioner submitted memorialize events that occurred outside the time in which Petitioner could have filed a timely § 2254 petition.  None of Petitioner's allegations or exhibits establish that he was prevented from filing a timely § 2254 petition in this Court.

Petitioner's conviction became final in 2015, but he did not file the present § 2254 petition until 2021, well outside the one-year limitation period. He has failed to show the type of rare and exceptional circumstances that warrant equitable tolling.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Petition is dismissed for failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated September 2, 2021, in Topeka, Kansas.**

        **s/ Sam A. Crow_____**
        **Sam A. Crow**
        **U.S. Senior District Judge**